**No. 20-40585**

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

**UNITED STATES OF AMERICA,**

***Plaintiff-Appellee***

**v.**

**COLLIN GARRETT HAYDEN,**

***Defendant-Appellant***

---

On Appeal from the United States District Court
for the Eastern District of Texas, Texarkana Division
U.S.D.C. No. 5:17-CR-9-6

---

# APPELLANT'S AMENDED BRIEF

---

Troy Hornsby
*Miller, James, Miller & Hornsby, L.L.P.*
1725 Galleria Oaks Drive
Texarkana, Texas 75503
903.794.2711; f. 903.792.1276
troy.hornsby@gmail.com

Attorney for Appellant
Collin Garrett Hayden

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Fifth Circuit Rule 28.2.1, the undersigned counsel of record certifies that the following listed persons have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

**1. Parties:**

| | |
|---|---|
| United States of America | Plaintiff/Appellee |
| Collin Garrett Hayden | Defendant/Appellant |

**2. Attorneys:**

| | |
|---|---|
| For Plaintiff-Appellee<br>at trial | Donald Carter, A.U.S.A.<br>U.S. Attorney's Office<br>500 North Stateline Avenue, St. 402<br>Texarkana, Texas 75501 |
| For Plaintiff-Appellee<br>at trial and on appeal | Jonathan Hornok, A.U.S.A.<br>U.S. Attorney's Office<br>500 North Stateline Avenue, St. 402<br>Texarkana, Texas 75501 |
| For Defendant-Appellant<br>at trial | L. Charles Van Cleef<br>*Van Cleef Law Office*<br>P. O. Box 2432<br>Longview, Texas 75606-2432 |
| For Defendant-Appellant<br>on appeal | Troy Alan Hornsby<br>*Miller, James, Miller & Hornsby LLP*<br>1725 Galleria Oaks Drive<br>Texarkana, Texas 75503 |

s/Troy Alan Hornsby
Troy Alan Hornsby
Attorney for
Collin Garrett Hayden

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument would assist the Court in considering the thorny issue of venue, particularly in light of the applicable constitutional requirements.

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . 4

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

JURISDICTIONAL STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW . . . . . . . . . . . . . 13

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

A. Nature of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

B. Course of Proceedings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

C. Disposition Below . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

D. Relevant Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

ISSUE 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

ISSUE 2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

ISSUE 3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

**ISSUE 1:** There was insufficient evidence of proper venue in the Eastern District of Texas with regard to the charge of obstruction of

justice in light of constitutional requirements for venue . . . . 21

Preservation of Error . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Law and Application . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

1. Hayden's Criminal Acts Not in the Eastern District of Texas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

2. Underlying Case Filed by Government Only after the Offense . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

a. Venue Wasn't Established at the Time of Hayden's Offense . . . . . . . . . . . . . . . . . . . . . . . . 31

b. Government's Filing of Case Was Not Hayden's Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

c. Later Filing Of Such a Case Not Addressed by United States Supreme Court . . . . . . . . . . . . . . . 33

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

**ISSUE 2:** 18 U.S.C. §1512(i), the venue provision of obstruction of justice, is unconstitutional in this situation because it permits venue in violation of the requirements of Article III and the Sixth Amendment of the United States Constitution . . . . . . . 37

Preservation of Error . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

Law and Application . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

1. Permits Venue Where Defendant Took No Action . . . . . . . . 42

2. Permits Venue Based upon Facts Occurring after the Offense Was Complete . . . 43

**ISSUE 3:** Hayden should have received an acceptance-of-responsibility reduction for obstruction of justice because he admitted to the applicable facts, albeit at trial . . . 48

Preservation of Error . . . 48

Standard of Review . . . 49

Law and Application . . . 49

A. Admitting the Conduct . . . 51

B. Termination/Withdrawal from Criminal Conduct/Associations . . . 53

C. Voluntary Payment of Restitution Prior to Adjudication . . . 54

D. Voluntary Surrender . . . 54

E. Assistance to Authorities . . . 54

F. Resignation from Office/Position . . . 55

G. Post-Offense Rehabilitative Efforts . . . 56

H. Timeliness of Acceptance of Responsibility . . . 56

CONCLUSION . . . 59

CERTIFICATE OF SERVICE . . . 60

CERTIFICATE OF COMPLIANCE . . . 61

## TABLE OF AUTHORITIES

**Cases:** **Page**

*Jackson v. Virginia*,
443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) . . . . . . . . . . . . 24

*United States v. Beddow*,
957 F.2d 1330 (6th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34,45

*United States v. Beech–Nut Nutrition Corp.*,
871 F.2d 1181, 1188 (2d Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . 27,41

*United States v. Carreon–Palacio*,
267 F.3d 381, 392–93 (5th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*United States v. Cordero*,
465 F.3d 626 (5th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 50

*United States v. Cores*,
356 U.S. 405, 407, 78 S.Ct. 875, 2 L.Ed.2d 873 (1958) . . . . . . . . . . . . 26,40

*United States v. Davis*,
689 F.3d 179 (2nd Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22,26,40

*United States v. Frederick*,
835 F.2d 1211, 1212 (7th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*United States v. Juarez*,
626 F.3d 246, 253-54 (5th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . 387

*United States v. Juarez-Duarte*,
513 F.3d 204, 211 (5th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 54

*United States v. Medina–Anicacio*,
325 F.3d 638, 643 (5th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

United States v. O'Donnell,
510 F.2d 1190, 1193 (6th Cir.),
cert. denied, 421 U.S. 1001, 95 S.Ct. 2400, 44 L.Ed.2d 668 (1975) . . 34,46

*United States v. Pofahl*,
990 F.2d 1456, 1485 (5th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 56

*United States v. Ragsdale,*
426 F.3d 765, 781 (5th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

*United States v. Reed*,
773 F.2d 477, 481 (2nd Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . 34,45

*United States v. Rodriguez-Moreno*,
526 U.S. 275, 119 S.Ct. 1239, 143 L.Ed.2d 388 (1999)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25,27,33,35,40,41,42,44,46

*United States v. Rojas*,
812 F.3d 382 (5th Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*United States v. Schofield*,
802 F.3d 722 (5th Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

*United States v. Strain*,
396 F.3d 689 (5th Cir. 2005) . . . . . . . . . . . . . . 23,24,25,26,33,40,41,42,44

*United States v. White*,
611 F.2d 531, 536 (5th Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . 26,41,45

*United States v. Williams*,
788 F.2d 1213, 1215 (6th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . 34,45,46

*United States v. Winship*,
724 F.2d 1116, 1124 (5th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . 23,26,41,45

**CONSTITUTIONS:**

U.S. Const. Art. III, § 2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32,42,44

U.S. Const. Amend. VI . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33,42,44

**STATUTES/RULES:**

18 U.S.C. §1512 . . . . . . . . . . . . . . 13,14,15,19,21,24,25,31,32,37,38,39,42,43,47

18 U.S.C. §1791 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14,15

Fed. R. Crim. P. 18 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25,26,33,35,40,42,44,46

Fed. R. Crim. P. 51(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21,37,48

U.S.S.G. § 3E1.1 application notes (2018) . . . . . . . . . . . . . . . . . . . . . . . . . 51,55,56

U.S.S.G. Ch. 5, Part A - Sentencing Table . . . . . . . . . . . . . . . . . . . . . . . . . . . . 58

**OTHER:**

Drew L. Kershen,
*Vicinage*, 29 Okla. L. Rev. 801, 807 (1976) . . . . . . . . . . . . . . . . . . . . . 26,40

3 J. Story, COMMENTARIES ON THE CONSTITUTION OF THE UNITED STATES, § 1775, at 654 (photo. reprint 1999) (Boston, Hilliard, Gray & Co. 1833) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26,40

## JURISDICTIONAL STATEMENT

Jurisdiction of this Court is invoked under section 1291, title 28, United States Code, as an appeal from a final judgment of conviction and sentence in the United States District Court for the Eastern District of Texas, Texarkana Division; and under section 3742, title 18, United States Code, as an appeal of a sentence imposed under the Sentencing Reform Act of 1984.

Judgment was orally imposed and entered on August 26, 2020. (ROA.370); s*ee* Record Excerpts Tab 5. In accordance with Rule 4(b) of the Federal Rules of Appellate Procedure, a notice of appeal was timely filed on August 27, 2020, within 14 days of the entry of judgment. (ROA.377); *see* Record Excerpts Tab 2.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

**ISSUE 1:** There was insufficient evidence of proper venue in the Eastern District of Texas with regard to the charge of obstruction of justice in light of constitutional requirements for venue.

**ISSUE 2:** 18 U.S.C. §1512(i), the venue provision of obstruction of justice, is unconstitutional in this situation because it permits venue in violation of the requirements of Article III and the Sixth Amendement of the United States Constitution.

**ISSUE 3:** Hayden should have received an acceptance-of-responsibility reduction for obstruction of justice because he admitted to the applicable facts, albeit at trial.

## STATEMENT OF THE CASE

A. Nature of the Case

This is an appeal from a jury trial where Collin Garrett Hayden (1) was found guilty of obstruction of justice, pursuant to 18 U.S.C. §1512, with a resulting sentence of 120 months in federal custody, 3 years of supervised release and a $100 special assessment, and (2) possession of contraband in jail, pursuant to 18 U.S.C. §1791, with a resulting sentence of 60 months in federal custody (concurrent), 3 years of supervised release and a $100 special assessment. (ROA.370), *see* Record Excepts Tab 5.

B. Course of Proceedings

On January 15, 2020, a second superceding indictment was filed against Hayden where the Government alleged the following:

Count 1:

conspiracy to distribute controlled substance [cocaine and methamphetamine] in violation of 21 U.S.C.§§ 841 and 846

Count 2:

use, carry and possess a firearm during and in furtherance of a drug

trafficking crime in violation of 21 U.S.C. § 924(c)(1)(A)

Count 3:

obstruction of justice in violation of 18 U.S.C. § 1503

Count 4:

obstruction of justice in violation of 18 U.S.C. § 1512

Count 5:

contraband in prison in violation of 18 U.S.C. § 1791

(ROA.4556); *see* Record Excerpts Tab 3.

C. Disposition Below

The case was tried before Judge Robert W. Schroeder, III. (ROA.560). The Government abandoned obstruction of justice (count 3) prior to trial. (ROA.569). Hayden pled guilty to possession of contraband in a prison (Count 5), just prior to trial. (ROA.750). The jury found Hayden guilty of obstruction of justice (count 4), and not guilty of both conspiracy to distribute a controlled substance (count 1) and possession of a firearm in furtherance of a drug offense (count 2). (ROA.264); *see* Record Excerpts Tab 4. As to obstruction of justice (count 4), the district court imposed a sentence of 120 months in federal custody, 3 years of supervised release and a $100 special assessment. (ROA.370), *see* Record Excerpts Tab 5. As to

possession of contraband in a prison (count 5), the district court imposed a sentence of 60 months in federal custody, 3 years of supervised release and a $100 special assessment. (ROA.370), *see* Record Excerpts Tab 5. The sentences were to run concurrently, for a total of 180 months. (ROA.370), *see* Record Excerpts Tab 5.

D. Relevant Facts

It is undisputed that Paul Brown was a methamphetamine dealer in East Texas. (ROA.1083-6). Brown was arrested in East Texas by police and Brown agreed to purchase methamphetamine from his supplier, Jason McLemore. (ROA.1083-61329-30). In the meantime, McLemore became aware of Brown's arrest and, presuming Brown's cooperation with police, moved out of his apartment in Dallas. (ROA.1028-30). McLemore sub-let his apartment to Collin Hayden and Timothy Harper. (ROA.1030). Brown and an undercover police officer traveled to McLemore's old apartment in Dallas on January 23, 2017, and made contact with Harper and discussed purchasing methamphetamine. (ROA.1247-8,1287-8,1331). Hayden was not present at the apartment at that time. (ROA.1247-8,1287-8). Brown and the undercover police officer returned to the apartment in Dallas on January 26, 2017, and again made contact with Harper and

purchased eight ounces of methamphetamine. (ROA.823,955,1089). Hayden was also not present at the apartment on that second visit. (ROA.823,973,1089,1096, 1247-8,1287-8).

Brown later again attempted to contact Harper by telephone to purchase a kilogram of methamphetamine, but was unable to reach Harper. (ROA.825,1101). On February 9, 2017, Brown physically returned to the apartment for a third time. (ROA.1100-1103). The Government contends that Hayden (rather than Harper) answered the apartment door and told Brown that Harper was asleep. (ROA1100-1103). Regardless, the Government contends that Hayden agreed to obtain a kilogram of methamphetamine for Brown to later purchase. (ROA1100-1103). Brown and the undercover police officer then left. (ROA.1110). Harper ordered that methamphetamine for Brown by telephone, which was delivered to the apartment. (ROA.1111-2,1592). Later, Brown texted with Harper and confirmed that the kilogram of methamphetamine had arrived at the apartment. (ROA.1264-5). A SWAT team raided the apartment, about an hour or two after Brown and the undercover officer left the apartment. (ROA.831,1110-2,1263). More than a kilogram of methamphetamine was seized in the apartment and several people were arrested. (ROA.1113). However, Hayden was not present. (ROA.1114, 1266).

The Government also contends that Hayden later threatened Harper through *Facebook* posts because of Harper's cooperation with police. (ROA.1600-2,1958-61,1964,Ex. 8 2671). Police contacted Hayden with regard to a warrant. (ROA.432-5,845,1914-20). Hayden refused to cooperate, then he moved to South Florida where he was later arrested. (ROA.432-5,845,1914-20).

## SUMMARY OF THE ARGUMENT

**ISSUE 1:** There was insufficient evidence of proper venue in the Eastern District of Texas with regard to the charge of obstruction of justice in light of constitutional requirements for venue.

Hayden's actions in connection with obstruction of justice occurred exclusively in Florida and there was no evidence that Harper received the threats in the Eastern District of Texas. Thus, the sole basis of venue in the Eastern District of Texas was that the underlying criminal case was filed there by the Government, ten days after Hayden posted the threats to *Facebook*. Venue was therefore appropriate pursuant to 18 United States Code section 1512(i), but insufficient to meet the constitutional requirements.

**ISSUE 2:** 18 U.S.C. §1512(i), the venue provision of obstruction of justice, is unconstitutional in this situation because it permits venue in violation of the requirements of Article III and the Sixth Amendment of the United States Constitution.

United States Code Title 18, section 1512(i), contains a venue provision

which does not depend upon the actions of the Defendant, as required by the constitutional provisions, but depend's upon the Government's actions. Additionally, it focuses upon actions which can occur after the offense is complete. For these reasons, the provision is unconstitutional in this situation.

**ISSUE 3:** Hayden should have received an acceptance-of-responsibility reduction for obstruction of justice because he admitted to the applicable facts, albeit at trial.

The district court did not grant a two point acceptance-of-responsibility reduction for obstruction of justice. Although Hayden did not plead gulty, he did admit at trial to all the underlying facts of obstruction of justice, other than his motive. Therefore, he should have received the adjustment for acceptance of responsibility.

## ARGUMENT

**ISSUE 1:** There was insufficient evidence of proper venue in the Eastern District of Texas with regard to the charge of obstruction of justice in light of constitutional requirements for venue.

Hayden's actions in connection with obstruction of justice occurred exclusively in Florida and there was no evidence that Harper received the threats in the Eastern District of Texas. Thus, the sole basis of venue in the Eastern District of Texas was that the underlying criminal case was filed there by the Government, ten days after Hayden posted the threats to *Facebook*. Venue was therefore appropriate pursuant to 18 United States Code section 1512(i), but insufficient to meet the constitutional requirements.

### Preservation of Error

Federal Rule of Criminal Procedure 51 requires an appellant to preserve claims of error at trial. *See* Fed. R. Crim. P. 51(b). A venue issue can be preserved for appellate review in a motion for acquittal, pursuant to a motion made under Federal Rule of Criminal Procedure 29, in some situations. *See United States v. Carreon–Palacio*, 267 F.3d 381, 392–93 (5th Cir. 2001). For example, when an

indictment contains a proper allegation of venue so a Defendant has no notice of a problem until the close of evidence, a motion for acquittal can preserve error. *Id*.

Here, venue was specifically alleged in the indictment, with regard to obstruction of justice (count 4). (ROA.4558). Hayden made a rule 29 motion at the close of the Government's case, specifically arguing a lack of venue. (ROA.2142-57). The motion was overruled by the district court. (ROA.2157). Hayden renewed the motion at the close of all evidence and it was again overruled by the district court. (ROA. 2359). Additionally, Hayden requested a specific finding of venue be included in the verdict form. (ROA.1892,2177-8). The district court denied Hayden's request, concluding that the jury instruction specifically required a venue finding, which was sufficient. (ROA.2157). Therefore the issue was preserved for appellate review.

The Government could contend that Hayden failed to lodge any specific constitutional challenge at trial with regard to venue. However, in this issue, Hayden does not challenge the constitutionality of the venue provision. Rather, Hayden simply asks that this Court consider the venue evidence through the prism of the constitutional requirements for venue. In *United States v. Davis*, the Second Circuit Court of Appeals considered a venue issue on appeal. *United States v. Davis*, 689 F.3d 179 (2nd Cir. 2012). The issue was preserved through a rule 29

motion as opposed to any constitutional challenge. *Id*. at 184. Regardless, the appellate court considered the evidence supporting venue in light of the constitutional requirements. *Id*., *see also United States v. Frederick*, 835 F.2d 1211, 1212 (7th Cir. 1987). Thus, Hayden's rule 29 motion challenging venue was sufficient to preserve this issue for appeal.

**Standard of Review**

Although venue is an element of any criminal offense, the prosecution's burden of proof in establishing venue differs from the burden of proving other elements. *United States v. Strain*, 396 F.3d 689 (5th Cir. 2005) (citing *United States v. Winship*, 724 F.2d 1116, 1124 (5th Cir. 1984)). The prosecution need only show the propriety of venue by a preponderance of the evidence, not beyond a reasonable doubt. *United States v. Strain*, 396 F.3d 689 (5th Cir. 2005) (citing *United States v. Winship*, 724 F.2d 1116, 1124 (5th Cir. 1984)). Therefore, when the issue presented is whether there is sufficient evidence to support a finding that the offense occurred in the district in which it was tried, such that Federal Rule of Criminal Procedure 29 would not mandate acquittal for failure to prove venue, the appellate court should review to determine whether, "after viewing the evidence in the light most favorable to the prosecution, any rational finder of fact could have

found" that venue was proven by a preponderance of the evidence. *United States v. Strain*, 396 F.3d 689 (5th Cir. 2005) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). However, when the relevant facts for determining venue are not disputed, venue is a question of law to be reviewed *de novo*. *See United States v. Rojas*, 812 F.3d 382 (5th Cir. 2016).

**Law and Application**

Hayden's actions in connection with obstruction of justice occurred exclusively in Florida and there was no evidence that Harper received the threats in the Eastern District of Texas. Thus, the sole basis of venue in the Eastern District of Texas was that the underlying criminal case was filed there by the Government, ten days after Hayden posted the threats to *Facebook*. Venue was therefore appropriate pursuant to 18 U.S.C. §1512(i), but insufficient to meet the constitutional requirements.

18 United States Code section 1512 provides in relevant part:

> **Tampering with a Witness, Victim, or an Informant**
>
> . . .
>
> (b) Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to—
>
> (1) influence, delay, or prevent the testimony of any person in an official proceeding;

. . .

(i) A prosecution under this section or section 1503 may be brought in the district in which the official proceeding (whether or not pending or about to be instituted) was intended to be affected or in the district in which the conduct constituting the alleged offense occurred.

18 U.S.C. §1512. Here, the "official proceeding" was this case, in the Eastern District of Texas. Thus, venue would appear to be an open-and-shut case, expressly permitted by 18 United States Code section 1512(i). However, this is not the end of the inquiry.

Venue is also limited by the United State's Constitution. *United States v. Rodriguez-Moreno*, 526 U.S. 275, 119 S.Ct. 1239, 143 L.Ed.2d 388 (1999). Article III, section 2 of the United States Constitution provides that the "trial of all Crimes... shall be held in the State where said Crimes shall have been committed". *United States v. Strain*, 396 F.3d 689, n. 1 (5th Cir. 2005). The Sixth Amendment further entitles the accused to trial "by an impartial jury of the state and district wherein the crime shall have been committed". *Id*. This is "echoed by Rule 18." *United States v. Rodriguez-Moreno*, 526 U.S. 275, 119 S.Ct. 1239, 143 L.Ed.2d 388 (1999)(citing Fed. R. Crim. Pro. 18).

The requirement derives from colonial grievances against the Crown, which had sometimes transported American colonists across the sea to stand trial in

England. *United States v. Davis*, 689 F.3d 179 (2nd Cir. 2012)(citing Drew L. Kershen, *Vicinage*, 29 Okla. L. Rev. 801, 807 (1976) (noting specific reference to this grievance in Declaration of Independence)). Thus, the Constitution's venue requirement was adopted to shield a federal defendant from “the unfairness and hardship” of prosecution “in a remote place.” *United States v. Davis*, 689 F.3d 179 (2nd Cir. 2012)(citing *United States v. Cores*, 356 U.S. 405, 407, 78 S.Ct. 875, 2 L.Ed.2d 873 (1958); *see* 3 J. Story, COMMENTARIES ON THE CONSTITUTION OF THE UNITED STATES § 1775, at 654 (photo. reprint 1999) (Boston, Hilliard, Gray & Co. 1833) (observing that object of Constitution's vicinage clause is to prevent “accused from being dragged to a trial in some distant state”)).

Accordingly, "the government must show that the trial is taking place "in any district in which [the] offense was begun, continued, or completed." *United States v. Strain*, 396 F.3d 689, n. 2 (5th Cir. 2005); *see also* Fed. R. Crim. P. 18. "Venue is an element of any offense; the prosecution always bears the burden of proving that the trial is in the same district as the crime's commission. *United States v Winship*, 724 F.2d 1116, 1124 (5th Cir. 1984) (citing *United States v. White*, 611 F.2d 531, 536 (5th Cir. 1980)).

To determine whether venue is appropriate, an appellate court should perform a two-step inquiry: "[A] court must initially identify the conduct

constituting the offense (the nature of the crime) and then discern the location of the commission of the criminal acts." *United States v. Rodriguez-Moreno*, 526 U.S. 275, 279, 119 S.Ct. 1239, 143 L.Ed.2d 388 (1999). Additionally, where, "a defendant is charged with multiple crimes in a single indictment, the government must satisfy venue with respect to each charge." *See United States v. Beech–Nut Nutrition Corp.*, 871 F.2d 1181, 1188 (2d Cir. 1989).

Venue was not sufficiently established in the Eastern District of Texas to meet the constitutional requirements because (1) Hayden's criminal acts were not in the Eastern District of Texas, (2) the case was filed by the Government in the Eastern District of Texas after Hayden's offense occurred, which has not been found to meet the constitutional venue requirements by the United States Supreme Court.

**1. Hayden's Criminal Acts Not in the Eastern District of Texas**

Hayden was convicted of obstruction of justice (count 4). (ROA.370). In count 4 of the indictment the conduct constituting the offense was "attempt[ing] to use the threat of physical force against a co-defendant by sending electronic communications with the intent to influence, delay, and prevent the testimony of that co-defendant in an official proceeding." (ROA.4556). The jury charge asked

if Hayden "knowingly attempted to use the threat of physical force against Timothy Harper." (ROA.298). This is the conduct constituting the offense that must be specifically analyzed under the United States Constitution for appropriate venue.

The Government offered evidence that on April 5, April 6, April 8 and April 9 of 2017, Hayden posted threats to his *Facebook* account which were directed at his co-defendant, Harper. These threats are all reflected in Government's Exhibit 1 (ROA.2569) and Government's Exhibit 8 (ROA.2671).

Specifically, Hayden posted to his *Facebook* account on April 5, 2017, in a conversation with Reva Dena, as follows:

> "Where is Tim at I gotta get rid of him I will pay 2000 to find him
> . . .
> Bitchass nigga put the people in my life now the feds hunting me I want him"

(ROA.2722). Hayden also posted to his *Facebook* account on April 6, 2017, in a conversation with Christine Caldwell, as follows:

> "I would pay 2000 for the location of tim"

(ROA.2569 GEN,2724). Hayden posted to his *Facebook* account on April 6, 2017, in a conversation with Christine Caldwell, as follows:

> "I would pay 2000 for the location of tim"

(ROA.2724). Hayden generally posted to his *Facebook* account on April 8, 2017, as follows:

> a meme stating "I CANT STAND A F____N SNITCH"
>
> and
>
> "Paying 2000$ cash for location of Christine Caldwell and Timothy Harper if anybody knows anything I will pay cash upon delivery"

(ROA.2725). Finally, Hayden posted to his *Facebook* account on April 9, 2017, as follows:

> "Bitchass nigga ima find you I got 200p for your location wanna throw me under the bus we gunna see last one standing. Yea your little bitchass detectice guy texted me told me everything you said how u putting it all off on me
>
> 2000 bones"

(ROA.2726).

Harper also testified very briefly to receiving these threats from Hayden. (ROA.1600-2). Hayden admitted at trial to these *Facebook* posts. (ROA.1958-61,1964). However, Hayden contends that the threats were in response to threats Hayden originally received (ROA.1958-61) and because he was angry for being prosecuted for an offense he did not commit. (ROA.1964-5).

Thus, the first question to be addressed is where was Hayden when these *Facebook* threats were posted? Hayden testified that he lived in Dallas from mid-

2016 through March of 2017, when he went to Miami, Florida. (ROA. 1920). Based upon those dates, the evidence establishes that Hayden was in Florida when the threats were posted to *Facebook*.

So the question turns then to where Harper was when the threats were posted to *Facebook*? Harper did not specifically testify where he was when either of Hayden's threats were made, or when Harper received them. (ROA.1532-1654). However, Harper did generally testify that after his arrest on February 9, he initially went to Waco[1] (ROA.1599), then later to New York and Ohio, where he was arrested. (ROA.1600). Thus, there is no evidence that Harper was in the Eastern District of Texas when the threats were either posted by Hayden, or received by Harper. Accordingly, there is no evidence of any act committed by Hayden, or any effect resulting, in the Eastern District of Texas to "initiate, carry out, or complete" the offense of obstruction of justice.

There was no constitutional basis for venue in the Eastern District based upon where these threats were either made, or received.

[1] Waco is located in McLennon County, Texas, which is located in the Western District of Texas.

## 2. Underlying Case Filed by Government Only after the Offense

The sole connection between this offense and the Eastern District of Texas was the fact that the underlying criminal case was later filed by the Government in the Eastern District of Texas. However, this is insufficient to meet the constitutional venue requirement because (a) venue wasn't established at the time of Hayden's offense when this case hadn't yet been filed, (b) the Government's filing of this case is not an action by Hayden, and (c) the later filing of such a case has not been found sufficient for venue by the United States Supreme Court.

### a. Venue Wasn't Established at the Time of Hayden's Offense

The fact that the case was ultimately filed by the Government in the Eastern District of Texas is insufficient to meet the constitutional requirements because venue in the Eastern District of Texas was not established at the time Hayden's offense was complete.

18 United States Code section 1512 provides in relevant part:

> **Tampering with a Witness, Victim, or an Informant**
>
> . . .
>
> (b) Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to—
>
> (1) influence, delay, or prevent the testimony of any person in an official proceeding;
>
> . . .

18 U.S.C. §1512. The threats at issue were posted on *Facebook* by Hayden on April 5, April 6, April 8 and April 9 of 2017. At that point, the offense was complete. That is to say, the actual filing of the indictment against Hayden in the Eastern District of Texas was not required element to complete Hayden's offense. Rather, Hayden's offense was complete on April 9, 2017, the date of Hayden's final act. (ROA.22).

On April 9, 2017, there was no basis for venue in the Eastern District of Texas. Rather, the case was only later indicted by the Government in the Easter District of Texas on April 19, 2017, which was ten days after Hayden's offense was complete. (ROA.22). For this reason, the later filing of the underlying indictment in the Eastern District of Texas cannot be considered for the purpose of venue.

**b. Government's Filing of Case was not Hayden's Action**

The fact that the case was ultimately filed by the Government in the Eastern District of Texas is insufficient to meet the constitutional requirements because venue is analyzed exclusively based upon the Defendant's actions.

Article III, § 2 of the United States Constitution and the Sixth Amendment both focus on where the crime was committed. U.S. Const. Art. III, § 2; U.S.

Const. Amend. VI. The same focus is reflected in Federal Rule of Criminal Procedure 18. Fed. R. Crim. Pro. 18. This same focus is reflected in the case law. *See, e.g., United States v. Strain*, 396 F.3d 689, n. 1 (5th Cir. 2005); *United States v. Rodriguez-Moreno*, 526 U.S. 275, 119 S.Ct. 1239, 143 L.Ed.2d 388 (1999)(citing Fed. R. Crim. Pro. 18). The Supreme Court also focused upon the "location of the commission of the criminal acts." *United States v. Rodriguez-Moreno*, 526 U.S. 275, 279, 119 S.Ct. 1239, 143 L.Ed.2d 388 (1999).

Here, the Government chose to file this case in the Eastern District of Texas, some ten days after Hayden's actions. (ROA.22). However, since this Court's focus should be on Hayden's criminal actions, the fact that the Government later filed the indictment in the Eastern District of Texas should not be considered for venue purposes.

Thus, venue was not sufficiently established in the Eastern District of Texas to meet the constitutional requirements because Hayden's actions were not in the Eastern District of Texas, which should be the focus of the inquiry.

**c. Later Filing Of Such a Case Not Addressed by United States Supreme Court**

The Supreme Court has not addressed whether the filing of a criminal action

after an offense was completed can establish venue in satisfaction of the constitutional requirements.

In *United States v. Beddow*, the Sixth Circuit did consider the "locus of the effect of the criminal conduct" as a relevant potential venue consideration. *United States v. Beddow*, 957 F.2d 1330 (6th Cir. 1992)(citing *United States v. Williams*, 788 F.2d 1213, 1215 (6th Cir. 1986); *see also United States v. Reed*, 773 F.2d 477, 481 (2nd Cir. 1985)). More specifically, in *United States v. Williams* the Sixth Circuit Court of Appeals noted that an obstruction of justice offense, under Title 18 United States Code section 1503, could have proper venue where the underlying proceedings were pending. 788 F.2d 1213, 1215 (6th Cir. 1986)(citing U*nited States v. O'Donnell*, 510 F.2d 1190, 1193 (6th Cir.), cert. denied, 421 U.S. 1001, 95 S.Ct. 2400, 44 L.Ed.2d 668 (1975).

In *United States v. O'Donnell*, cited in *Williams*, the Court specifically concluded that venue is appropriate for obstruction of justice where the obstruction was intended. *Id*. at 1193. In these cases, the proceedings were already pending at the time of the actions by the Defendant. Thus, when the Defendant's actions occurred, venue was linked at that moment to the location of the then pending proceeding. As such, a conclusion could be made that the actor intended the obstruction in that particular place. Here, the proceeding was not yet

filed. As such, Hayden did not interfere, and could not have intended any interference, in the Eastern District of Texas at the time of his actions.

Regardless, this argument was specifically advanced to the Supreme Court in *United States v. Rodriguez-Moreno*. 526 U.S. 275, 279 fn. 2, 119 S.Ct. 1239, 143 L.Ed.2d 388 (1999)(citing Fed. R. Crim. Pro. 18). There the Court wrote in footnote 2:

> The Government argues that venue also may permissibly be based upon the effects of a defendant's conduct in a district other than the one in which the defendant performs the acts constituting the offense. Brief for United States 16-17. Because this case only concerns the locus delicti, we express no opinion as to whether the Government's assertion is correct.

*Id*. The issue was not decided by the Supreme court. *Id*.

Thus, the Supreme Court had not endorsed the "locus of the effect" of the criminal conduct as a basis for venue.

**Conclusion**

Hayden's actions in connection with obstruction of justice occurred exclusively in Florida and there was no evidence that Harper received the threats in the Eastern District of Texas. Thus, the sole basis of venue in the Eastern District of Texas was that the underlying criminal case was later filed by the

Government in the Eastern District of Texas, ten days after Hayden's criminal actions. After a *de novo* revue, that Court should conclude that there were no facts to establish venue sufficient to meet the constitutional requirements.

**ISSUE 2:** 18 U.S.C. §1512(i), the venue provision of obstruction of justice, is unconstitutional in this situation because it permits venue in violation of the requirements of Article III and the Sixth Amendment of the United States Constitution.

United States Code Title 18, section 1512(i), contains a venue provision which does not depend upon the actions of the Defendant, as required by the constitutional provisions, but depends upon the Government's actions. Additionally, it focuses upon actions which can occur after the offense is complete. For these reasons, the provision is unconstitutional in this situation.

**Preservation of Error**

Federal Rule of Criminal Procedure 51 requires an appellant to preserve claims of error at trial. *See* Fed. R. Crim. P. 51(b). Hayden made a rule 29 motion at the close of the Government's case, specifically arguing a lack of venue. (ROA.2142-57). The motion was overruled by the district court. (ROA.2157). Hayden renewed the motion at the close of all evidence and it was again overruled by the district court. (ROA. 2359). Additionally, Hayden requested a specific finding of venue be included in the verdict form. (ROA.1892,2177-8). The district

court denied the request, concluding that the jury instruction specifically required a venue finding, which was sufficient. (ROA.2157). However, Hayden did not argue that United States Code Title 18, section 1512, was unconstitutional with regard to the issue of venue. Regardless, the unpreserved issue can still be reviewed for plain error. *See United States v. Dickerson*, 909 F.3d 118, 126 (5th Cir. 2018) (citing *United States v. Medina-Anicacio*, 325 F.3d 638, 643 (5th Cir. 2003)).

**Standard of Review**

When a constitutional challenge is not preserved, it is reviewed only for plain error. *See, e.g., United States v. Juarez*, 626 F.3d 246, 253-54 (5th Cir. 2010). Review of an unpreserved appellate issue is for plain error, which requires an appellant to show (1) an error that has not been affirmatively waived, (2) that is clear or obvious, and (3) that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135, 129 S. Ct. 1423, 173 L. Ed. 2d 266 (2009). Then an appellate court has discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See Id*.

**Law and Application**

United States Code Title 18, section 1512(i), contains a venue provision which does not depend upon the actions of the Defendant, as required by the constitutional provisions, but depends upon the Government's actions. Additionally, it focuses upon actions which can occur after the offense is complete. For these reasons, the provision is unconstitutional in this situation.

18 United States Code section 1512 provides in relevant part:

> **Tampering with a Witness, Victim, or an Informant**
>
> . . .
>
> (b) Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to—
>
> (1) influence, delay, or prevent the testimony of any person in an official proceeding;
>
> . . .
>
> (i) A prosecution under this section or section 1503 may be brought in the district in which the official proceeding (whether or not pending or about to be instituted) was intended to be affected or in the district in which the conduct constituting the alleged offense occurred.

18 U.S.C. §1512. Here, the "official proceeding" was this case filed by the Government in the Eastern District of Texas. Thus, venue is proper in the Eastern District of Texas where this case was ultimately filed.

However, venue is limited by the United States Constitution. *United States*

*v. Rodriguez-Moreno*, 526 U.S. 275, 119 S.Ct. 1239, 143 L.Ed.2d 388 (1999). Article III, § 2 of the United States Constitution provides that the "trial of all Crimes... shall be held in the State where said Crimes shall have been committed". *United States v. Strain*, 396 F.3d 689, n. 1 (5th Cir. 2005). The Sixth Amendment further entitles the accused to trial "by an impartial jury of the state and district wherein the crime shall have been committed". *Id*. This is "echoed by Rule 18." *United States v. Rodriguez-Moreno*, 526 U.S. 275, 119 S.Ct. 1239, 143 L.Ed.2d 388 (1999)(citing Fed. R. Crim. Pro. 18).

The requirement derives from colonial grievances against the Crown, which had sometimes transported American colonists across the sea to stand trial in England. *United States v. Davis*, 689 F.3d 179 (2nd Cir. 2012)(citing Drew L. Kershen, *Vicinage*, 29 Okla. L. Rev. 801, 807 (1976) (noting specific reference to this grievance in Declaration of Independence)). Thus, the Constitution's venue requirement was adopted to shield a federal defendant from "the unfairness and hardship" of prosecution "in a remote place." *United States v. Davis*, 689 F.3d 179 (2nd Cir. 2012)(citing *United States v. Cores*, 356 U.S. 405, 407, 78 S.Ct. 875, 2 L.Ed.2d 873 (1958); *see* 3 J. Story, COMMENTARIES ON THE CONSTITUTION OF THE UNITED STATES § 1775, at 654 (photo. reprint 1999) (Boston, Hilliard, Gray & Co. 1833) (observing that object of Constitution's vicinage clause is to

prevent “accused from being dragged to a trial in some distant state”)). Accordingly, "the government must show that the trial is taking place "in any district in which [the] offense was begun, continued, or completed." *United States v. Strain*, 396 F.3d 689, n. 2 (5th Cir. 2005); *see also* Fed. R. Crim. P. 18. "Venue is an element of any offense; the prosecution always bears the burden of proving that the trial is in the same district as the crime's commission. *United States v Winship*, 724 F.2d 1116, 1124 (5th Cir. 1984) (citing *United States v. White*, 611 F.2d 531, 536 (5th Cir. 1980)).

To determine whether venue is appropriate, an appellate court should perform a two-step inquiry: "[A] court must initially identify the conduct constituting the offense (the nature of the crime) and then discern the location of the commission of the criminal acts." *United States v. Rodriguez-Moreno*, 526 U.S. 275, 279, 119 S.Ct. 1239, 143 L.Ed.2d 388 (1999). Additionally, where, "a defendant is charged with multiple crimes in a single indictment, the government must satisfy venue with respect to each charge." *See United States v. Beech–Nut Nutrition Corp.*, 871 F.2d 1181, 1188 (2d Cir. 1989).

This venue provision is unconstitutional because (1) it permits venue in a district where a Defendant took no action, (2) it permits venue based upon facts occurring after the offense was complete.

### 1. Permits Venue Where Defendant Took No Action

18 United States Code section 1512 provides in relevant part:

> **Tampering with a Witness, Victim, or an Informant**
>
> . . .
>
> (i) A prosecution under this section or section 1503 may be brought in the district in which the official proceeding (whether or not pending or about to be instituted) was intended to be affected or in the district in which the conduct constituting the alleged offense occurred.

18 U.S.C. §1512. Thus, venue would be proper where an official proceeding will later be filed by the Government.

However, Article III, § 2 of the United States Constitution and the Sixth Amendment both focus on where the crime was committed. *See* U.S. Const. Art. III, § 2; U.S. Const. Amend. VI. The same focus is reflected in Federal Rule of Criminal Procedure 18. Fed. R. Crim. Pro. 18. This same focus is reflected in the case law. *See, e.g., United States v. Strain*, 396 F.3d 689, n. 1 (5th Cir. 2005); *United States v. Rodriguez-Moreno*, 526 U.S. 275, 119 S.Ct. 1239, 143 L.Ed.2d 388 (1999)(citing Fed. R. Crim. Pro. 18). More specifically, the Supreme Court focused upon the "location of the commission of the criminal acts." *United States v. Rodriguez-Moreno*, 526 U.S. 275, 279, 119 S.Ct. 1239, 143 L.Ed.2d 388 (1999).

Thus, the statute focuses on where an underlying official proceeding will be

filed, while the exclusive focus of the constitutional test for venue is the location of the Defendant's actions. In a case such as this, the statute permits a criminal prosecution in a district where the Defendant took no action. Rather, the statute permits a criminal prosecution in a district where the Government took an action. On this basis, United States Code Title 18, section1512(i), is unconstitutional.

### 2. Permits Venue Based upon Facts Occurring after the Offense Was Complete

United States Code Title 18, section 1512, provides in relevant part:

> **Tampering with a Witness, Victim, or an Informant**
>
> . . .
>
> (b) Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to—
>
> (1) influence, delay, or prevent the testimony of any person in an official proceeding;
>
> . . .
>
> (i) A prosecution under this section or section 1503 may be brought in the district in which the official proceeding (whether or not pending or about to be instituted) was intended to be affected or in the district in which the conduct constituting the alleged offense occurred.

18 U.S.C. §1512. Under this provision, the offense is complete when a qualifying action is taken. *See* 18 U.S.C. §1512(b). However, pursuant to this statute, that action can expressly be prior when to an underlying official proceeding is filed.

Thus, the offense can expressly be completed prior to the filing of the underlying official proceeding. Regardless, venue can attach were the official proceeding is later filed. That is to say, venue can attach based upon facts which occur after the offense is complete. This is unconstitutional.

Article III, § 2 of the United States Constitution and the Sixth Amendment both focus upon where the crime was committed, rather than where any potential effects were felt. *See* U.S. Const. Art. III, § 2; U.S. Const. Amend. VI. The same focus is reflected in Federal Rule of Criminal Procedure 18. Fed. R. Crim. Pro. 18. This same focus is reflected in the case law. *See, e.g., United States v. Strain*, 396 F.3d 689, n. 1 (5th Cir. 2005); *United States v. Rodriguez-Moreno*, 526 U.S. 275, 119 S.Ct. 1239, 143 L.Ed.2d 388 (1999)(citing Fed. R. Crim. Pro. 18). More specifically, the Supreme Court focused upon the "location of the commission of the criminal acts." *United States v. Rodriguez-Moreno*, 526 U.S. 275, 279, 119 S.Ct. 1239, 143 L.Ed.2d 388 (1999).

This Court could conclude that the location of the later filing of the official proceeding by the Government is a relevant venue fact. However, doing so would require this Court to conclude the filing of an official proceeding by the Government to be a part of the nature of the offense. *See Id*. Such a conclusion is contradictory to the express language of the statute, which expressly provides that

the official proceeding need not be filed.

Additionally, "Venue is an element of any offense; the prosecution always bears the burden of proving that the trial is in the same district as the crime's commission. *United States v Winship*, 724 F.2d 1116, 1124 (5th Cir. 1984) (citing *United States v. White*, 611 F.2d 531, 536 (5th Cir. 1980)). As such, the logic becomes circular in this situation. Venue is an element of the offense, and the offense is complete prior to the filing of the action. However, venue can be established later, when the underlying official proceeding is later filed by the Government. Such circular logic cannot be the basis of proper venue.

Finally, the Supreme Court has not addressed whether the filing of a criminal action after an offense was completed can establish venue in satisfaction of the constitutional requirements. In *United States v. Beddow*, the Sixth Circuit did consider the "locus of the effect of the criminal conduct" as a relevant potential venue consideration. *United States v. Beddow*, 957 F.2d 1330 (6th Cir. 1992)(citing *United States v. Williams*, 788 F.2d 1213, 1215 (6th Cir.1986); *see also United States v. Reed*, 773 F.2d 477, 481 (2nd Cir.1985)). More specifically, in *United States v. Williams,* the Sixth Circuit Court of Appeals noted that an obstruction of justice offense, under Title 18 United States Code section 1503, could have proper venue where the underlying proceedings were pending. 788

F.2d 1213, 1215 (6th Cir.1986)(citing U*nited States v. O'Donnell*, 510 F.2d 1190, 1193 (6th Cir.), cert. denied, 421 U.S. 1001, 95 S.Ct. 2400, 44 L.Ed.2d 668 (1975).

In *United States v. O'Donnell*, cited in *Williams*, the Court specifically concluded that venue is appropriate for obstruction of justice where the obstruction was intended. *Id*. at 1193. In these cases, the proceeding were already pending at the time of the actions by the Defendant. Thus, when the Defendant's actions occurred, venue was linked at that moment to the location of the then pending proceeding. As such, a conclusion could be made that the actor intended the obstruction in that particular place. Here, the proceeding was not yet filed. As such, Hayden did not interfere, and could not have intended any interference, in the Eastern District of Texas at the time of his actions.

Regardless, this argument was specifically advanced to the Supreme Court in *United States v. Rodriguez-Moreno*. 526 U.S. 275, 279 fn. 2, 119 S.Ct. 1239, 143 L.Ed.2d 388 (1999)(citing Fed. R. Crim. Pro. 18). There the Court wrote in footnote 2:

> The Government argues that venue also may permissibly be based upon the effects of a defendant's conduct in a district other than the one in which the defendant performs the acts constituting the offense. Brief for United States 16-17. Because this case only concerns the locus delicti, we express no opinion as to whether the Government's

assertion is correct.

*Id*. Thus, the issue was noted but not decided by the Supreme court.

The constitutional provisions require a focus on the facts that existed at the time of the offense, rather than extraneous actions by another entity after the offense. Accordingly, United States Code Title 18, section 1512(i), is unconstitutional.

**ISSUE 3:** Hayden should have received an acceptance-of-responsibility reduction for obstruction of justice because he admitted to the applicable facts, albeit at trial.

The district court did not grant a two point acceptance-of-responsibility reduction for obstruction of justice. Although Hayden did not plead gulty, he did admit at trial to all the underlying facts of obstruction of justice, other than his motive. Therefore, he should have received the adjustment for acceptance of responsibility.

**Preservation of Error**

Federal Rule of Criminal Procedure 51 requires an appellant to preserve claims of error at trial. *See* Fed. R. Crim. Proc. 51(b). Here, Hayden lodged a written objection to the PSR. (ROA.4377). Hayden specifically argued for the applicability of an acceptance-of-responsibilty reduction. (ROA.2383,4378-9). The objection was overruled by the district court. (ROA.2396). Therefore, the issue was preserved for appellate review.

**Standard of Review**

Appellate issues regarding the Presentence Investigation Report (PSR) which are preserved for appellate review involve legal issues which are reviewed *de novo*. *United States v. Schofield*, 802 F.3d 722 (5th Cir. 2015). However, a "district court's determination as to whether a defendant has accepted responsibility is afforded great deference on review" and is reviewed under a standard that is even "more deferential than a pure clearly erroneous standard." *United States v. Ragsdale*, 426 F.3d 765, 781 (5th Cir. 2005) (internal quotation marks and citation omitted). The defendant has the burden of proving entitlement to an acceptance-of-responsibility reduction. *Id*.

**Law and Application**

The district court did not grant a two point acceptance-of-responsibility reduction for obstruction of justice. Although Hayden did not plead gulty, he did admit at trial to all the underlying facts of obstruction of justice, other than his motive. Therefore, he should have received the adjustment for acceptance of responsibility.

Hayden's PSR did not include a two point deduction for acceptance of responsibility with regard to the offense of obstruction of justice. (ROA.4399).

Under section 3E1.1(a) of the Federal Sentencing Guidelines, the defendant's offense level can be decreased by two levels "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." *United States v. Cordero*, 465 F.3d 626 (5th Cir. 2006)(citing U.S. Sentencing Guidelines Manual § 3E1.1(a) (2003)). The application notes more specifically provide as follows:

> 1. In determining whether a defendant qualifies under subsection (a), appropriate considerations include, but are not limited to, the following:
>
> (A) truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under §1B1.3 (Relevant Conduct). Note that a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction under subsection (a). A defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction under this subsection. A defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility, but the fact that a defendant's challenge is unsuccessful does not necessarily establish that it was either a false denial or frivolous;
>
> (B) voluntary termination or withdrawal from criminal conduct or associations;
>
> (C) voluntary payment of restitution prior to adjudication of guilt;
>
> (D) voluntary surrender to authorities promptly after commission of the offense;
>
> (E) voluntary assistance to authorities in the recovery of the

> fruits and instrumentalities of the offense;
> (F) voluntary resignation from the office or position held during the commission of the offense;
> (G) post-offense rehabilitative efforts (e.g., counseling or drug treatment); and
> (H) the timeliness of the defendant's conduct in manifesting the acceptance of responsibility.

U.S.S.G. § 3E1.1 application notes (2018). Each factor is reviewed in turn.

### A. Admitting the Conduct

This primary factor weighs in favor of granting the reduction. Hayden testified at trial. (ROA.1895-1990). Hayden admitted in his testimony that he posted the *Facebook* posts that the Government contends qualified as obstruction of justice. (ROA.1958-64). Specifically, Hayden testified as follows:

> Q. I'm going to move on. Let me direct your attention now to page 52. You wrote this message to Reva Dena on April 5th, 2017; correct?
> A. Yes, I did.
> Q. And in this message when you said, "Tim," you were referencing Timothy Harper; correct?
> A. Yes, I was.
> Q. And you offered to pay $2,000 to find Timothy Harper; correct?
> A. Yes, sir, to find Timothy Harper.
> Q. And in this message you also said that you had to, quote, Get rid of him; correct?
> A. Yes, I did.

Q. Let me direct your attention to page 54. And on April 6th, 2017, you offered $2,000 to Christine Caldwell for the location of Timothy Harper; correct?
A. Yes, on multiple occasions I've did this.
Q. Page 55, please. On April -- or on April 8th, 2017, you posted a message saying you were offering $2,000 cash for the location of Christine Caldwell and Timothy Harper; correct?
A. Once again, yes, for the location.
Q. And you also posted this meme that is pictured here; correct?
A. Yes. Ice Cube saying, "I can't stand a fucking snitch."
Q. Next page, please. Now, on April 9th, 2017, you wrote this message to Timothy Harper; correct?
A. I did. And every day of my life the hate grows in my heart for a crime I did not commit. The hate grows in my heart every single day I have to sit in here and – because of somebody else. So, of course, I was mad. Of course I might have wanted to fight the guy, but I never said, "Oh, yeah, I'm going to kill you." I never went into any kind of details, "I'm going to go send somebody after you." I never did none of that. I just wanted him to know that, "Hey, man, you betrayed me. You weren't man enough to take your charge, and now I have to pay for your consequences."
Q. What did you expect to do if you found Timothy Harper?
A. Really, nothing at the time. I just wanted him to know what I thought about him, what I thought about the whole situation, what I thought about him ruining my life.

(ROA.1962-1963). Thus, Hayden specifically admitted to the *Facebook* posts on April 5, 6, 8, and 9, of 2017. These were all the relevant *Facebook* threats alleged by the Government in the indictment, through the evidence, or in the jury charge. *See* Issue 1. As such, Hayden wholly admitted all the factual allegations made by

the Government with regard to the offense of obstruction of justice.

The only thing that Hayden did not admit was that his intent was to prevent Harper from testifying against him at trial. (ROA.1962-1963). Rather, Hayden testified in advance that Harper was responsible, rather than Hayden, for the underlying drug offense and that Hayden was angry with Harper for implicating him in an offense which Hayden did not commit. (ROA.1962-1963). In fact, that is exactly what the jury seemed to conclude through its lack of a finding of guilt with regard to the drug possession and weapon possession offenses. (ROA.302). Thus, Hayden's testimony at trial fit perfectly with the jury's verdict.

Hayden admitted all the *Facebook* posts that the government alleged against him as a basis for obstruction of justice. Hayden merely denied any intent to prevent Harper from testifying against Hayden. This position is objectively justified by the jury's verdict of not guilty on the drug and weapon charges. As such, Hayden admitted the relevant conduct.

### B. Termination/Withdrawal from Criminal Conduct/Associations

This factor weighs against the reduction. There is no evidence that Hayden terminated or withdrew from any criminal conduct or associations after this offense. The jury found Hayden not guilty of the drug and weapon offenses,

which were based upon conspiracy. So Hayden's withdrawal from those activities and associations could not be expected.

Regardless, Hayden did commit the offense of possession of contraband in jail on December 26, 2019, after he committed the offense of obstruction of justice. (ROA.721-751). This factor could be considered with regard to the acceptance-of-responsibility reduction. *See, e.g. United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008).

**C. Voluntary Payment of Restitution Prior to Adjudication**

This factor is irrelevant to the reduction. There was no restitution involved in this case that Hayden could have paid.

**D. Voluntary Surrender**

This factor weighs against the reduction. Hayden did not voluntarily surrender to authorities. Rather, Hayden fled to Miami. (ROA. 1920). There, he was arrested by police. (ROA. 1915).

**E. Assistance to Authorities**

This factor is irrelevant to the reduction. Section E of the application notes

addresses "voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense." U.S.S.G. § 3E1.1 application notes (2018). The threats were conveyed by *Facebook* in April of 2017. Thus, there were no fruits and instrumentalities of the offense to assist the authorities in recovering.

### F. Resignation from Office/Position

This factor is irrelevant to the reduction. Section F of the application notes addresses "voluntary resignation from the office or position held during the commission of the offense." U.S.S.G. § 3E1.1 application notes (2018). However, Hayden held no applicable office or position at the time of the commission of the offense.

### G. Post-Offense Rehabilitative Efforts

This factor is irrelevant to the reduction. Section G of the application notes addresses "post-offense rehabilitative efforts (e.g., counseling or drug treatment)." U.S.S.G. § 3E1.1 application notes (2018). However, there are no applicable rehabilitative efforts applicable to such an offense.

## H. Timeliness of Acceptance of Responsibility

This factor is neutral to the reduction. "This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." *United States v. Pofahl*, 990 F.2d 1456, 1485 (5th Cir. 1993) (citing § 3E1.1 cmt. n. 2). But a defendant who proceeds to trial is not automatically precluded from receiving the acceptance-of-responsibility reduction. *Id*. In rare situations, a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. *Id*.

Here, Hayden admitted the facts underlying the charge of obstruction of justice. Hayden specifically admitted to the relevant posts to his *Facebook* account on April 5, 6, 8, and 9, of 2017, which were threats directed at Harper. (ROA.1962-3). As such, Hayden wholly admitted all the factual allegations made by the Government with regard to this offense.

These admissions were made at trial, rather than earlier in the process. However, the Government alleged that Hayden threatened Harper to prevent Harper from testifying against Hayden. Hayden admitted to the threats. (ROA.1962-3). However, Hayden contended at trial that his intent was not to

prevent Harper from testifying against him at trial. (ROA.1962-3). Rather, Hayden testified, in essence, that Harper was responsible, rather than Hayden, for the underlying drug offense and that Hayden was angry with Harper for implicating him in an offense which Hayden did not commit. (ROA.1962-3). In fact, that is exactly what the jury seemed to conclude through its lack of a finding of guilt with regard to the drug possession and weapon possession offenses, which were based upon conspiracy. (ROA.302). As such, Hayden was forced to trial to take this factual position and trial was the first opportunity to admit the alleged facts, but refute the motive.

This was a unique situation. Hayden was charged with obstruction of justice to prevent Harper from testifying at Hayden's criminal trial. Hayden admitted his actions in this regard, but contested the motivation for doing so. As such, Hayden's testimony at trial was an acceptance of responsibility to the fullest, and soonest, that he could do so.

The base level offense of 30 with a total offense level of 30, and a category VI criminal history (24) resulted in a punishment range of 168-210. (ROA.2525-2538,4390)[2]. Had the two-point reduction for acceptance of responsibility been

[2] The final PSR was orally modified at the re-sentencing hearing.

granted, the base level offense would have been 28. With a total offense level of 28 and a category VI criminal history, the applicable punishment range would have been 140 months to 175 months. U.S.S.G. Ch. 5, Part A - Sentencing Table. Here, Hayden received a sentence of 180 months. (ROA.370), *see* Record Excepts Tab 5. Thus, the punishment that Hayden actually received at trial was above the applicable range of punishment for this offense, had the reduction been granted. As such, the error was not harmless to Hayden.

## CONCLUSION

For the foregoing reasons, Appellant Collin Garrett Hayden respectfully requests that this Court reverse the judgment of the district court and remand this case for new trial, and/or remand this case for a new sentence determination, and/or for such other and further relief to which he establishes himself entitled.

Respectfully submitted,

*Miller, James, Miller & Hornsby, L.L.P.*

by: s/Troy Alan Hornsby
Troy Alan Hornsby
Texas State Bar No.: 00790919

1725 Galleria Oaks Drive
Texarkana, Texas 75503
903.794.2711; f. 903.792.1276
troy.hornsby@gmail.com

Attorney for Appellant
Collin Garrett Hayden

## CERTIFICATE OF SERVICE

Counsel certifies that today, February 8, 2021, pursuant to Federal Rule of Appellate Procedure 25 and Fifth Circuit Rule 25, a copy of this document was served on all other attorneys of record, and interested parties, listed below, by electronic means, or by U.S. Mail as designated.

**Defendant/Appellant**
Collin Garrett Hayden
#1152108
USP Tucson
9300 S. Wilmot Road
Tucson, Arizona 85756

**Attorneys for Appellee**
Jonathan R. Hornok, A.U.S.A.
*jonathan.hornok@usdoj.gov*

s/Troy Alan Hornsby
Troy Alan Hornsby

**CERTIFICATE OF COMPLIANCE WITH THE TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS**

1. This document complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f) this document contains 8,027 words.

2. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using WordPerfect X5 in Times New Roman 14 point.

s/Troy Alan Hornsby
Troy Alan Hornsby
attorney for Collin Garrett Hayden